**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:17cr00013 |
| | ) | **Electronic Filing** |
| **MICHAEL ROBERT HEINRICH** | ) | |

## MEMORANDUM OPINION

On December, 11, 2018, a grand jury returned a sixteen count indictment charging Michael Robert Heinrich ("Defendant") at Counts One through Five with Sexual Exploitation of a Minor, in and around January 2017, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e), at Counts Six through Fifteen with Sexual Exploitation of a Minor, in and around February 2017, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e), and at Count Sixteen with possession of material depicting the sexual exploitation of a minor, from in and around January 2017 to in and around May 2017, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2). Presently before the court are defendant's motions for 1) discovery, 2) production of exculpatory and impeachment evidence, 3) production of the evidence that the government intends to use under Rules 404(b) and 609, and 4) a bill of particulars. For the reasons set forth below, defendant's motions will be granted in part and denied in part.

Defendant's motions seek numerous forms of "discovery" and disclosures and do so in a repetitious and boilerplate manner. Defendant's motion for production of exculpatory and impeachment evidence seeks the usual litany of exculpatory and impeachment information falling within the doctrine set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

In addition to information falling within the scope of Brady, defendant's "discovery motion" seeks among other things: all evidence seized as a result of warrantless and warrant-authorized searches; the personnel files of all officers involved; defendant's written or recorded statements; copies of all photographic and video evidence; reports by law enforcement; lists of evidence recovered as a result of victim communications; laboratory and forensic reports; field notes and sketches; all witness statements (including Jencks material); forensic testing results; evidence relating to the credibility or probative value of evidence intended to be used by the government; inspection and copying pursuant to Fed. R. Crim. P. 16.1(f); disclosure and inspection of tangible objects; copies and the results of any physical or mental examination that the government intends to use in its case-in-chief; materials used or related to the identification of any suspect, including defendant; personal information about any person known by the government to have relevant information; disclosure of any information related to the use of any expert witness; the disclosure of any evidence from the surveillance of defendant; hearsay evidence; disclosure of evidence arguably subject to suppression pursuant to Fed. R. Crim. P. 12(b)(4); any evidence of obstruction of justice or other related crimes by defendant; mail cover evidence; disclosure of any matters which the government will seek to establish by judicial notice; and the existence of pending charges against defendant in any other jurisdiction.

The government has filed a response acknowledging its obligations under Federal Rule of Criminal Procedure 16, Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act. It asserts that its primary obligation to produce discovery is governed by Rule 16 and it need only produce Brady impeachment material at the time the witness testifies at trial.[1] It claims that it is unaware of any Brady exculpatory material at this

---

[1] The United States Court of Appeals for the Third Circuit held in United States v. Higgs, 713 F.2d 39 (3d Cir. 1983), that a defendant's right to a fair trial was fully protected where the

time and it has produced the Rule 16 material to date. It intends to disclose all Jencks Act material and all Brady impeachment material the day before or the day of jury selection. Beyond these areas, it asserts that defendant is not entitled to any other information.

Specifically, the government maintains that more than a year ago it provided a number of discovery items to the defense, including a copy of the 302 report reflecting defendant's interview with the FBI, a copy of defendant's signed advice of rights form, two separate search warrants with the attached supporting affidavits, a copy of defendant's passport renewal application and a copy of the Pennsylvania State Police forensic examination report detailing the forensic examination of the digital equipment seized from defendant. The government also maintains that defense counsel recently had the opportunity to review the digital evidence at the Pennsylvania State Police Computer Crime Lab in Meadville, Pennsylvania. The review lasted several hours, and the government has offered to permit additional review sessions should the need arise. It also has turned over to defendant his Pennsylvania State Police audio-recorded statement and a recorded statement of child victim number one. In short, the government maintains that it has produced all of the discoverable material to which defendant is entitled. The government reiterates that it is aware of its ongoing duty of disclosure under Rule 16 and it will provide defendant with any additional discovery if and when it becomes known. The government has objected to defendant's request for early disclosure of Jencks material.

---

government disclosed Brady impeachment material the day the government's witness testified. Id. at 44. The government's position echoes this holding. It claims that it is unaware of any Brady exculpatory material at this time and it has produced extensive Rule 16 material to date. It intends to disclose all Jencks Act material and all Brady impeachment material two weeks prior to trial. Beyond these areas, it asserts that defendant is not entitled to a list of the government's witnesses, the minutia of the evidence it will introduce at trial, or information outside the scope of Rule 16.

3

To the extent defendant's motion seeks the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and Brady, the motion will be denied for a number of reasons. First, the government has acknowledged its obligations under Rule 16 and indicated it has complied and will continue to comply with those obligations fully. Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial. United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.), cert. denied, 396 U.S. 837 (1969). Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession. United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972). In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994). As a general matter these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine." Id. at 68.[2]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial. A defendant is not entitled to conduct a wholesale review of the government's investigation. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case). Nor is a defendant entitled to obtain a list of

---

[2] The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination. See 18 U.S.C. § 3500(b).

the government's witnesses through discovery.  See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985).  Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony. See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used).  And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Another area potentially remaining in dispute concerns the disclosure of impeachment material.  As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act.  In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Id. at 87.  The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence.  See Giglio v. United States, 405 U.S. 150, 154 (1972); see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); Ramos, 27 F.3d at 68 (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)).  In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not

requested the information.  Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984).  It establishes a prosecutorial obligation rather than a general rule of pretrial discovery.  The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial.  This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case.  See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay.  Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial."  Higgs, 713 F.3d at 44; United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997).  A district court has general discretionary authority to order the pretrial disclosure of Brady impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system."  Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968.

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials.  See Starusko, 729 F.2d at 261 (citing

United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954 F. Supp. at 968.

Here, the government maintains that it has provided defendant with his recorded statements and those of child victim number one. The government has further represented that it is unaware of any exculpatory materials. The government also represents that no promises of leniency or other such considerations have been offered to any witness in this case, and if any should become known, the information will be provided to defense counsel in a manner that permits the defense to make meaningful use of the information. With regard to impeachment evidence relative to any witnesses the government may call at trial, the government represents that it will produce such information if it is exculpatory evidence. Otherwise, it will produce such information with its Jencks Act production.

The government's request that it be permitted to produce any Brady impeachment material on the day of or a day before jury selection when it produces the Jencks Act material will be denied. The government will be required to produce all Brady impeachment material no later than ten business days prior to trial. The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial. Nevertheless, the court notes that after disclosure is made defense counsel can more fully advise his client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government.

In light of all of the circumstances, the government is encouraged to disclose all Brady impeachment material without further delay, and in any event, it will be ordered to produce all

such material no later than ten business days prior to trial.³ The government is encouraged to follow the commonly observed practice in this District of disclosing all Jencks Act material not falling within the scope of other aspects of this court's order no later than five business days prior to trial.

Defendant also moves for timely notice of any prior bad acts the government intends to introduce pursuant to Rule 404(b), and has requested a pre-trial hearing to determine the admissibility of any evidence that the government intends to offer pursuant to 404(b) or 609. The government indicates that it has not determined whether it will seek to introduce evidence pursuant to 404(b), and states that if it decides to do so it will provide notice to the defendant no later than ten (10) days before trial. In the event that its approach to such matters should change, it intends to provide formal reasonable notice in accordance with the Rule. As to Rule 609, the government indicates it is unaware of any conviction falling within the ambit of Rule 609(b), but to the extent it becomes aware of any such evidence, it will provide notice of the same no later than ten days prior to trial.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

---

³ Of course, this ruling has no bearing on the government's disclosure of information that falls solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140.

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of "the general nature" of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

The government indicates it is unaware of any conviction falling within the ambit of Rule 609, but will provide notice ten days prior to trial if it becomes aware of and intends to use such evidence. Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes. Advanced notice in these circumstances is required in order to "provide the adverse party with a fair

9

opportunity to contest the use of such evidence." Fed. R. Evid. 609(b). There is no similar disclosure requirement under Rule 609(a).[4] Consequently, the court can only order the government to provide advanced written notice of its intent to proffer any Rule 609(b) evidence.

The government has indicated it is unaware of any conviction falling within the ambit of Rule 609(b). To the extent it becomes aware of any such evidence and intends to use it at trial, it will be required to provide notice of its intent to use such evidence at the same time it provides notice under Rule 404(b), at least ten business days prior to trial.

Numerous courts have recognized that a defendant is not entitled to a pretrial hearing on any Rule 404(b) or Rule 609(b) evidence identified by the government. See, e.g., United States v. Blackwell, 954 F. Supp. 944, 964 (D. N.J. 1997) (a district court need not conduct a pretrial evidentiary hearing simply because the defendant asks for such a hearing) (citing United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.) ("A district court does not have to hold evidentiary hearing on a motion just because a party asks for one."), cert. denied, 498 U.S. 843 (1990). At the very least, a defendant must make a colorable claim for such relief before the discretion to conduct such a hearing is brought into play. Id. Defendant has not made such a showing here. Consequently, his request for a pretrial hearing on the admissibility of evidence which has not yet been identified will be denied.

Defendant's motion for a bill of particulars likewise will be denied. A bill of particulars should be granted when the indictment is so vague that it fails to advise the defendant of the nature of the charges. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir.), cert. denied, 405 U.S. 936 (1972). In Addonizio, the Third Circuit set forth three general scenarios where a bill of particulars is appropriate: (1) to inform the defendant of the nature of the charges being brought

---

[4] Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

against him so that he may adequately prepare his defense; (2) to avoid undue surprise at trial; and (3) to protect against double jeopardy because of an inadequately described offense. Addonizio, 451 F.2d at 63-64. In other words, a bill of particulars may be used to inform the defendant of the nature of the charges so that he or she may prepare an adequate defense, avoid surprise during trial and protect against any potential second prosecution for the same offense. United States v. Rosa, 891 F.2d 1063, 1065 (3d Cir. 1989).

The purpose of a bill of particulars is to provide the defendant with the minimum amount of information necessary to allow the preparation of an adequate defense. It is not intended to equip a defendant with the fruits of the government's investigation. United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). Where the indictment provides sufficient information to place the defendant on notice of the charged criminal conduct, requests seeking the "when, where and how" of any overt acts are "tantamount to a request for wholesale discovery of the government's evidence[,]" and therefore properly are denied. United States v. Adusei, 2009 WL 2045619 *8 (W.D. Pa. July 14, 2009) (Diamond, J.) (citing United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975)).

"In ascertaining whether a bill of particulars is appropriate, the court may consider not only the indictment, but also all the information which has been made available to the defendant." United States v. Fischbach & Moore, Inc., 476 F. Supp. 1384, 1389 (W.D. Pa. 1983) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972), cert. denied, 409 U.S. 914 (1972)). The motion properly is denied where the record as a whole demonstrates that ample opportunity exists for adequate preparation of the defense. Kenny, 462 F.2d at 1212.

Here, defendant seeks disclosure of the particulars regarding which photographs and the devices on which they were found that the government intends to offer into evidence at trial in

order to support the charge at Count Sixteen of the Second Superseding Indictment. The use of a bill of particulars to obtain an outline of the government's evidence is inappropriate.

Moreover, the record provides defendant with the particulars of the offense in more than sufficient detail. First, the indictment identifies the specific dated defining the duration of the alleged offenses – in and around January and February of 2017, and from in and around January 2017 to in and around May of 2017; the manner and means of possessing the produced and acquired visual depictions – "by computer"; (1) the nature of the unlawful act – actually, attempting, using, persuading, inducing, enticing, or coercing a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;" (2) the nature of the unlawful act – the production of visual depictions of a minor engaging in sexually explicit conduct and the possession of such material; and the federal laws allegedly violated by such conduct. This detail more than sufficiently identifies the elements of each offense, fairly informs defendant of the charges against him and will permit him to plead a conviction or acquittal on the charges as a bar to any subsequent prosecution for the same offenses. Thus, the indictment supplies the legal quantum of information necessary for defendant to prepare for trial and protect against a subsequent prosecution barred by double jeopardy. See United States v. Manfredi, 628 F. Supp.2d 608, 619-20 (W.D. Pa. 2009) ("An indictment is generally deemed sufficient if it: (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.") (citing United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007), United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989) and United States v. Resendiz–Ponce, 549 U.S. 102 (2007)); accord United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)

("Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.") (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)).

Second, the government has provided defendant with a significant amount of discovery, including: a copy of the 302 report of Heinrich's interview with the FBI, a copy of Heinrich's signed advice of rights form, two separate search warrants with attached supporting affidavits, and a copy of the Pennsylvania State Police forensic examination report detailing the forensic examination of the computer digital equipment seized from Heinrich. The government also maintains that Defense counsel recently had the opportunity to review the digital evidence at the Pennsylvania State Police Computer Crime Lab in Meadville, Pennsylvania. The review lasted several hours, and the government has offered to conduct additional review sessions should the need arise. Furthermore, the Government has turned over to defense counsel a Pennsylvania State Police audio-recorded statement of defendant and a recorded statement of child victim 1. Additionally, the government has identified the images that it intends to use to support each production count as well as the sixteen child-pornography images that it intends to introduce to support Count Sixteen. See Government's Supplement Response (Doc. No. 85) at 1-2.

Access to the documents and witnesses the government primarily will rely on to construct its case obviates any need for a bill of particulars. United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005) (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.")). It is readily apparent that defendant already has been given access to much of the information that will be used to construct the government's case-in-chief. More specifically, he has been given access to the specific images and thus the

details of the government's evidence underlying each charge. Defendant is not entitled to compel the additional nuances of the government's theories and trial strategies through a bill of particulars.

It follows that the information already disclosed to defendant more than provides the particulars of the alleged offenses and his ability to prepare an adequate defense has not been impaired. Consequently, defendant's motion for a bill of particulars must be denied.

<u>Date: March 12, 2019</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc: Christian A. Trabold, AUSA
Andrew Lipson, AFPD

(*Via CM/ECF Electronic Mail*)